UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD RICHARD SHANKEY,

Petitioner,

v.

ERIC RARDIN,

Respondent.

Case No. 25-cv-11396

Honorable Robert J. White

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT, AND DISMISSING AS MOOT THE PETITION FOR A WRIT OF HABEAS CORPUS**

## I. Introduction

Petitioner Ronald Richard Shankey is a former federal prisoner who was previously incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). Shankey filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] (ECF No. 1.) At the time he filed the petition, Shankey was serving a 159-month sentence for possession of child pornography. *See United States v. Shankey*, No. 14-000157, ECF No. 27 (D. Minn. July 7, 2016). In the petition,

[1] Also before the Court is Shankey's motion to supplement his habeas petition. (ECF No. 2.) In that motion, Shankey seeks an order directing the Bureau of Prisons to restore his original halfway house placement date. Because, as explained below, Shankey has since been released from BOP custody and the Court can no longer grant the requested relief, the motion to supplement is moot.

Shankey claimed that he was entitled to prerelease custody on his current sentence under the Second Chance Act, but the Bureau of Prisons had unfairly delayed his release to a halfway house. Respondent filed a response to the petition, arguing that Shankey's claims lack merit. (ECF No. 6.)

While Shankey's petition remained pending in this Court, he was released from custody.[2] For the reasons that follow, the petition for a writ of habeas corpus is dismissed as moot.

II. Discussion

Article III, § 2 of the Constitution confines the judicial power of the federal courts to actual, ongoing cases or controversies. That limitation means that a litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990). The case-or-controversy requirement continues through all stages of the proceeding. *Id.* "[I]t is not enough that a dispute was very much alive when suit was filed … The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (additional quotation omitted)). A case becomes moot "when events occur during the pendency of a litigation which render the court

[2] The Court obtained this information from the BOP's inmate locator, *see* Inmate Locator (bop.gov), which this Court may take judicial notice of. *Demis v. Sniezek*, 558 F.3d 508, 513, n.2 (6th Cir. 2009) (citation omitted).

unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Accordingly, federal courts lack jurisdiction over a case that has "'lost its character as a present, live controversy.'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). If issuing a writ of habeas corpus would neither shorten the petitioner's custody nor yield any collateral consequences, then no live controversy remains for the court to resolve, and the case is moot. *See id*. at 513. A court may raise the jurisdictional issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir.) ("Although no party raised this question, we must assure ourselves of our own jurisdiction to hear a case, and, accordingly, may raise the question of mootness *sua sponte*.").

Shankey's petition is moot because he is no longer in BOP custody. *Demis*, 558 F.3d at 513 (holding that a federal prisoner's challenge to a BOP policy preventing his transfer to a community corrections center, or halfway house, was rendered moot by the prisoner's release from custody because "no actual injury remains that the Court could redress with a favorable decision"). Shankey sought transfer to a halfway house. His release from custody "makes it impossible for [this Court] to grant any effectual relief." *Hargrove v. Healy*, 155 F.4th 530, 536 (6th Cir.

2025). Because the Court can no longer grant the relief Shankey sought, the petition is moot.

III. Conclusion

Accordingly, it is **ORDERED** that the motion to supplement (ECF No. 2) is **DENIED AS MOOT**.

Further, it is **ORDERED** that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED AS MOOT**.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Shankey need not apply for one with this Court or with the Sixth Circuit Court of Appeals before filing an appeal from the denial of his habeas petition.

Finally, the Court denies Shankey permission to appeal *in forma pauperis* because an appeal of this order could not be taken in good faith. See Fed. R. Civ. P. 24(a).

**SO ORDERED.**

Dated: September 11, 2026

s/ Robert J. White
Robert J. White
United States District Judge